UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:17-CV-14130-ROSENBERG/MAYNARD

FRANCIS MARTINEZ,

    Plaintiff,

v.

THE OIL DEPOT, INC.,
d/b/a THE OIL DEPOT,

    Defendant.
_____/

**FINAL JUDGMENT**

**THIS CAUSE** is before the Court on the Order Granting Plaintiff's Motion for Entry of Final Default Judgment. For the reasons contained in that Order, it is **ORDERED AND ADJUDGED** that **FINAL JUDGMENT** is **ENTERED** in favor of Plaintiff FRANCIS MARTINEZ as to all claims asserted by him in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff, FRANCIS MARTINEZ, shall recover from Defendant, THE OIL DEPOT, INC., d/b/a THE OIL DEPOT the sum Five Thousand One Hundred Forty Three Dollars and Twenty-Eight Cents ($5,143.28), for attorneys' fees and costs plus interest accruing from the date of this Judgment until the entire amount is paid, for which let execution issue forthwith.

2. Defendant shall alter its Premises within six (6) months of the date of this Judgment to make said Premises accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following specific ADA Violations:

a. Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

b. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609, 609.3 and 609.4 and/or §§4.16.4, 4.26 and 4.26.2 of the 1991 ADA Standards.

c. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4 and/or §§4.26 and 4.26.2 of the 1991 ADA Standards.

d. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4 and/or §4.16.6 of the 1991 ADA Standards.

e. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3 and/or §§4.19 and 4.19.6 of the 1991 ADA Standards.

f. Failing to provide a paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

g. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

    h. Failing to provide the flush controls on the open side of the water closet in violation of 2010 ADAAG §§604, 604.6, 604.8.2 and 604.9.5 and/or §§4.18.4 and A4.16.5 of the 1991 ADA Standards.

  3. Defendant shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on Plaintiff's counsel within forty-five (45) days from the date of this Judgment, unless it is satisfied or post-judgment discovery is stayed. Jurisdiction over this case is retained to enter further orders that are proper to compel Defendant to complete form 1.977, including all required attachments, and serve it on Plaintiff's counsel.

  **DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 19th day of July, 2017.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE